# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MERLIN MALONE, | ) | CASE NO.: 1:10CV837 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Merlin Malone to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for a Report and Recommendation on Malone's Appeal of the Social Security Administration's decision to deny his request for supplemental security income. On March 28, 2011, Magistrate Judge James R. Knepp issued his R&R recommending that the Commissioner's decision be affirmed. Malone timely objected, and the Commissioner has responded to the objections.

For the reasons stated below, the objections are overruled. The R&R is adopted and the findings of the Commissioner are AFFIRMED.

District courts conduct *de novo* review of those portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In social security cases, ultimate judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc.*

*Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Malone contends that the Magistrate Judge committed two errors in his analysis. This Court finds no merit in the objections.

First, Malone asserts that the Magistrate Judge erred in his conclusion that the ALJ's Step 3 finding was sufficient. Specifically, Malone asserts that the ALJ's findings were so conclusory that they do not provide even enough information to attack on appeal. In support, Malone relies upon *Marok v. Astrue*, 2010 WL 2294056 (N.D.Ohio June 3, 2010):

> Sixth Circuit case law does not require a heightened articulation standard at Step Three of the sequential evaluation process. *See Bledsoe v. Barnhart*, No. 04-4531, 2006 WL 229795, at *411 (6th Cir. Jan.31, 2006) (citing *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986)). In order to conduct a meaningful review, the Court does, however, require that the written decision makes sufficiently clear the reasons for the ALJ's decision. *Cf. Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (remanding the case because the ALJ failed to make sufficiently clear why he did not give proper weight to the treating physician's opinion); *see also Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) (finding that it is absolutely essential for meaningful appellate review for an ALJ to articulate reasons for crediting or rejecting evidence).

*Id.* at *3. In rejecting this argument, the Magistrate Judge relied upon *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306 (6th Cir. 1990) and *Blankenship v. Bowen*, 874 F.2d 1116, 1123-24 (6th Cir. 1989). In so doing, the R&R notes as follows:

> When an ALJ determines that one or more impairments is severe, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184, *5. An ALJ's cursory reference to the combined effect of a plaintiff's impairments is insufficient. *Blankenship v. Bowen*, 874 F.2d 1116, 1123-24 (6th Cir. 1989). However, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed

>to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Serv.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (quoting *Gooch v. Sec'y of Health & Human Serv.*, 833 F.2d 589, 592 (6th Cir. 1987)).

Doc. 21 at 9.

From the Court's review, it appears that Malone takes issue more with the layout of the ALJ's decision than its content. It is true that Step Three in the ALJ's decision contains only a conclusion. However, the Government is correct that Sixth Circuit has repeatedly emphasized the need to review the ALJ's decision as a whole. *See, e.g., Kornecky v. Commissioner*, 167 Fed. Appx. 496, 508 (6th Cir. 2006).

>An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, *so long as his factual findings as a whole* show that he implicitly resolved such conflicts.

*Id.* (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)) (emphasis added).

This Court has followed the Sixth Circuit and reviewed the ALJ's decision as a whole. Beginning at page 4 of the ALJ decision (Doc. 11-2 at 18), the ALJ begins discussing Malone's impairments. This discussion covers multiple pages, detailing Malone's past motorcycle accident, his history of pain that resulted from that accident, the complaints of pain, and Malone's own testimony. While perhaps the ALJ could have utilized a better layout for his decision, the Magistrate Judge is correct that the record demonstrates that the ALJ carefully considered the effect of Malone's individual impairments and the combination of those impairments before reaching his ultimate conclusion.

Furthermore, even if this Court were to determine that the ALJ's explanation was insufficient, it would not be inclined to remand the matter. Within his objections, Malone seems

to suggest that the combination of his impairments equals 1.02 of the Medical Listings.[1] This Court has independently reviewed that claim and finds no merit in such a contention. The Court has reviewed each of Malone's alleged impairments. Giving full consideration to his prior injuries AND the activities he was able to perform during his physical therapy, it would be futile to remand the matter to consider whether Malone meets this listing as he does not come close.[2]

Accordingly, the Court finds no merit in Malone's first objection.

Malone's second objection also lacks merit. In this objection, Malone contends that the Magistrate Judge improperly concluded that the ALJ's credibility determination was performed appropriately. The Court disagrees.

In this objection, Malone appears to contend that the ALJ improperly determined residual functioning capacity first, and then utilized that information to determine a lack of credibility. The record does not support this contention. In his decision, the ALJ noted as follows:

> Although he testified that he experiences pain in his legs, hip, back, and shoulders, he takes medication for relief. The claimant acknowledged in his testimony that he remains able to lift at least twenty pounds or more. He further indicated that he could carry a bag. His activities of daily living include washing dishes, cleaning laundry, preparing meals, using public transportation, going to parks, and fishing. These activities suggest that the claimant retains considerable ability to use his hands as well as stand and walk. As indicated above, he also rode a bicycle, which

---

[1] 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

OR

B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

[2] The record makes clear that despite Malone's choice to use a cane, he was able to ambulate effectively, thus he cannot satisfy 1.02(A). Furthermore, again despite Malone's contention, the record makes clear that his shoulder pain has not resulted in an inability to perform fine AND gross movements effectively. Therefore, he could not satisfy 1.02(B).

> appears somewhat inconsistent with his reported need to use a cane. On balance, the evidence does not support finding limitations with respect to standing, walking, or sitting.

Doc. 11-2 at 19. In this objection, Malone again appears to take issue more with the layout of the ALJ's decision than its substance.

When determining credibility in order to assess subjective claims of pain, an ALJ considers:

> (i) [the claimant's] daily activities;
>
> (ii) The location, duration, frequency, and intensity of [any] pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication … taken to alleviate [] pain or other symptoms;
>
> (v) Treatment, other than medication, … received for relief of [] pain or other symptoms;
>
> (vi) Any measures … used to relieve [] pain or other symptoms (e.g., lying flat on [one's] back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning [] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3). Malone does not appear to argue that consideration of any of these factors supports a finding that he is in fact credible. Instead, Malone focuses upon the fact that he consistently asserted pain and there were objective medical conditions that would support his claim of pain.

Malone's argument, however, ignores that the ALJ rejected this precise argument. The ALJ readily acknowledged that Malone's prior medical injuries supported a conclusion that his medical impairments *could* cause pain. The ALJ, however, detailed that Malone consistently

informed his physicians of both levels of pain and restrictions that were inconsistent with his daily living activities and directly inconsistent with the activities he was able to successfully complete in physical therapy.   In other words, the ALJ was able to directly observe Malone testify *and* able to identify portions of the objective medical findings that contradicted Malone's subjective reports of pain and limitations.  As such, there was substantial evidence to support the ALJ's credibility determination.  Accordingly, Malone's second objection also lacks merit.

The Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE.  Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.

IT IS SO ORDERED.


Dated: November 10, 2011              /s/ John R Adams
                                     JUDGE JOHN R. ADAMS
                                     UNITED STATES DISTRICT JUDGE